Tharwat **HAMAMCY**, M.D., Appellant,

v.

**WYCKOFF HEIGHTS HOSPITAL**, Appellee.

No. 2–89–083–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 13, 1990.

Rehearing Denied April 10, 1990.

Tharwat M. Hamamcy, M.D., Laguna Vista, pro se.

Franklin Moore, Murphy, Shrull, Moore & Bell, Fort Worth, for appellee.

Before JOE SPURLOCK, II, LATTIMORE and MEYERS, JJ.

OPINION

MEYERS, Justice.

This is a summary judgment case in which appellant, Tharwat Hamamcy, M.D., appeals from a take-nothing judgment granted in favor of appellee, Wyckoff Heights Hospital, in a libel suit. In his sole point of error, appellant claims the trial court erred in granting a summary judg-

ment in favor of appellee because appellee failed to establish its affirmative defense of qualified privilege as a matter of law and therefore, there existed a genuine issue of material fact. We do not agree with appellant's contention.

The judgment of the trial court is affirmed.

Appellant, a medical doctor, completed his surgical residency training at Wyckoff Heights Hospital in June, 1976. Prior to June, 1983, he applied for staff privileges at Medical Plaza Hospital in Fort Worth and requested a letter of reference from appellee. Dr. Leon Nadrowski, Director of Surgery at Wyckoff Heights Hospital, supplied the letter of reference on June 1, 1983.

The letter from Nadrowski, though not part of the record before this court, is set forth as follows in "Plaintiff's Second Amended Original Petition":

PROFESSIONAL RELATIONSHIP: "I was not the Director of Surgery and, therefore, cannot give a detailed evaluation of his performance. However, he attended my lectures and appeared to be interested in learning the art and fundamentals of surgery."
PROFESSIONAL COMPETENCE: (no response in original)
QUALITY OF WORK: "unknown"
ADDITIONAL COMMENTS: "Dr. Hamamcy served as 2nd, 3rd, 4th, and 5th year Surgical resident from July 1972 to June 1976 at Wyckoff Heights Hospital."
Date: 6/1/83
Signed: Leon Nadrowski
Title: Chairman & Director of Surgery

Appellant then filed a libel suit against appellee in December, 1983, claiming the letter was false and libelous. Summary judgment was subsequently granted in favor of appellee. Appellant did not respond to appellee's motion for summary judgment nor did he appear at the hearing.

Appellant claims that appellee's summary judgment evidence is insufficient to show lack of malice. Appellee argues in response that the evidence clearly demonstrates appellee acted free of malice and also that appellant failed to present any evidence in support of not granting summary judgment in favor of defendant.

Appellant relies on *Troth v. City of Dallas,* 667 S.W.2d 152 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.), in support of his position that a summary judgment must stand on its own merits, and the nonmovant's failure to answer or respond cannot provide the summary judgment proof necessary to grant the summary judgment. *Id.* at 155. Appellant uses this statement of law to support his allegation that appellee's summary judgment proof is insufficient. We find that the summary judgment was not granted merely because of appellant's failure to respond or appear. The summary judgment proof was sufficient to show that there existed no genuine issues of material fact.

In reviewing a summary judgment, the movant's burden is to show that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986). In determining whether a fact issue exists, the reviewing court must take all evidence favorable to the nonmovant as true. *MMP, Ltd.,* 710 S.W.2d at 60.

Dr. Hamamcy must prove actual malice in the present case in order to prevail because of the defense of qualified privilege asserted by Wyckoff Heights Hospital. Wyckoff Heights Hospital, therefore, is entitled to a summary judgment as to any statement on which it can negate malice as a matter of law.

Appellee presented evidence regarding the malice issue in the form of deposition testimony and an affidavit of Nadrowski. Nadrowski's affidavit states, in pertinent part:

I knew Dr. Tharwat Hamamcy who was a surgical resident at Wyckoff Heights Hospital from July 1972 to June 1976. I was a Staff Surgeon and was acquainted with him during this period as a lecturer to Residents. During that time he attended my lectures and he appeared interested in learning the art and fundamentals of surgery. It was on this

basis that I wrote him a personal reference on August 18, 1975 when he requested one. I had no special or particular acquaintance with Dr. Hamamcy, but, rather, I was one of many doctors on the Wyckoff Heights Hospital staff who practiced there and Dr. Hamamcy was one of a number of doctors training there.

I was appointed Director of Surgery at Wyckoff Heights Hospital on July 1, 1977, more than a year after Dr. Hamamcy left Wyckoff Heights Hospital. I was serving in that capacity on June 1, 1983 when I completed the inquiry for Medical Plaza Hospital in Fort Worth. I was limited in what I could respond, since I simply did not know anything about his "professional competence" or "quality of work". I had not worked with him, I had not been Director of Surgery during his residency, my only contact and acquaintance with him during his residency having been as a lecturer to him and many other residents. I, of course, did set out the nature of my "professional relationship" with him and also noted in my June 1, 1983 reply to Medical Plaza Hospital that he had completed his second, third, fourth and fifth years of residency training.

When the June 1, 1983 response was completed, as the then Director of Surgery I responded to the Medical Plaza Hospital inquiry based upon the rather cursory notes of Dr. Zoeller who was Director of Surgery during Dr. Hamamcy's residency (Dr. Zoeller had retired in June 1977 and he died in February, 1983). [sic] I responded and, in good conscious [sic] and good faith as Wyckoff's Director of Surgery, gave Dr. Hamamcy the best recommendation possible under the circumstances. It was true and correct, and I did what I could for him as Director of Surgery. In responding to the inquiry about him, I did not and never intended to criticize, hurt nor damage him.

TEX.R.CIV.P. 166a(c) (Vernon Supp.1989) states:

A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, ... if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

The Texas Supreme Court has recently interpreted the final prong of rule 166a(c), "could have been readily controverted," to mean that the testimony at issue is of a nature which can be effectively countered by opposing evidence. *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex.1989). The court stated that summary judgment may be proper if the nonmovant must come forth with independent evidence in order to prevail but fails to do so. *Id.*

We find that Nadrowski's affidavit indicates, as a matter of law, he did not believe the statements to be false and did not act with reckless disregard as to their truth or falsity by putting them in the letter of reference. Since appellant presented no controverting proof, summary judgment was proper under the circumstances. *Id.* at 559.

We believe appellee conclusively established that no material issue of fact existed concerning actual malice, therefore, appellant's sole point of error is overruled.

We decline to discuss the issue of appellant's legal representation that was raised for the first time by appellant during oral argument before this court. The record shows that appellant's counsel withdrew as attorney of record on February 2, 1989, and appellant has been acting on his own behalf since that date.

The judgment of the trial court is affirmed.