**Sylvanus ONYEANU, Appellant,**

**v.**

**RIVERTREE APARTMENTS
and Guaranteed Builders,
Inc., Appellees.**

**No. 01–95–00906–CV.**

*Court of Appeals of Texas,
Houston (1st Dist.).*

Feb. 22, 1996.

Orutola Ayodele Oresusi, Houston, for appellant.

Todd Kissner, Houston, for appellees.

Before COHEN, O'CONNOR and WILSON, JJ.

## OPINION

COHEN, Justice.

Sylvanus Onyeanu appeals the denials of his motions for reinstatement and for new trial after dismissal for want of prosecution. We reverse and remand.

Onyeanu sued appellees, Rivertree Apartments (Rivertree) and Guaranteed Builders, Inc., for injuries he allegedly sustained when he fell from a second floor balcony to the ground.

Trial was set for April 17, 1995, at 9:00 a.m., but the cause was dismissed then for want of prosecution when Onyeanu's counsel, Mr. Oresusi, failed to appear when the case was called by visiting Judge Hugo Touchy at 9:30 a.m.

Onyeanu moved to reinstate the case, asserting that Mr. Oresusi appeared at 9:00 a.m., but the courtroom was empty. After waiting a few minutes, Mr. Oresusi read a note on the door stating that Judge Chambers, the regular judge, was attending a school outside the county. Mr. Oresusi then left to attend another trial setting [1] because he believed it was Judge Chambers' custom to reset cases when he was attending out-of-town judicial conferences.[2] These allegations are in the verified motions and supporting affidavit. There is no statement of facts before us. However, that does not preclude relief.

Affidavits attached to a motion for new trial do not have to be offered into evidence when a post-answer default judgment is attacked. *Director, State Employees Workers' Compensation Div. v. Evans*, 889 S.W.2d 266, 268 (Tex.1994). It is sufficient that they are attached to the motion for new trial and are part of the record. *Id.* If, as here, there was no recorded hearing and no controverting affidavits, the movant's uncontroverted evidence is sufficient if it sets forth facts that, if true, negate intentional or consciously indifferent conduct by the defendant. *Id.* at 269. We apply the same rule in this case to the plaintiff, Onyeanu. The affidavit shows that appellant's failure to appear for trial was not intentional or the result of conscious indifference. Because it is uncontroverted, the affidavit must be taken as true. *Id.* at 269.

Points of error one and two are sustained.

The judgment is reversed, and the cause is remanded.

---

**1.** Oresusi had previously filed a motion for a continuance in the present case on April 11, 1995, so that he could attend that trial setting.

**2.** The motion asserted that the month before, Judge Chambers had reset all the cases set for trial during the week that he attended a judicial conference.