Roger HUFFINE, Appellant,

v.

TOMBALL HOSPITAL AUTHORITY, Appellee.

No. 14–97–00351–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 29, 1998.

Jane Williams, Houston, for appellant.

Mary Kathleen Evans, Raina S. Newsome, Houston, for appellee.

Before AMIDEI, FOWLER and CANNON,[1] JJ.

## MAJORITY OPINION

AMIDEI, Justice.

Roger Huffine appeals from a summary judgment for Tomball Hospital Authority (Hospital). In ten points of error, appellant contends the trial court erred in granting summary judgment. We affirm.

### I. PROCEDURAL AND FACTUAL BACKGROUND.

Appellant was admitted to the emergency room of the Hospital on March 24, 1994, in a state of dehydration. He was subsequently diagnosed with hepatitis A and B. He was treated by the hospital until March 31, 1994, and then discharged in stable condition to go home. On November 4, 1994, the Hospital received written notice from appellant's counsel claiming damages for appellant's emotional distress due to mistreatment by the Hospital. The letter was the only written notice given to the hospital, and it was not received within six months from appellant's discharge from the hospital. Appellant sued the Hospital on January 8, 1995, for "severe mistreatment" causing him severe

---

**1.** Senior Justice Bill Cannon sitting by assign- ment.

mental and emotional suffering. In his second amended petition, he added a cause of action under the Federal Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C.A. § 1395dd, for "patient dumping."

The Hospital filed its motion for summary judgment on September 4, 1996, asking for judgment because appellant did not give the Hospital timely notice of his claim within six months of his treatment as required by section 101.101, Texas Civil Practice and Remedies Code (Texas Tort Claims Act). The Hospital is a municipal hospital authority of the State pursuant to former article 4437e, Vernon's Annotated Civil Statutes (now sections 262.001, et seq., of the Texas Health and Safety Code), and is a governmental unit under the Texas Tort Claims Act.

The Hospital also contended appellant's EMTALA claim failed as a matter of law because: (1) he alleged only an "attempted transfer" by the Hospital, and (2) he was not in an emergency medical condition when he was discharged by the Hospital. EMTALA applies only to persons who are discharged or transferred before they are stabilized.

Appellant responded to the Hospital's motion for summary judgment, and contended he gave timely actual notice to a hospital employee. He contended he spoke to Sonya Bender the day after he was discharged, and orally complained of mistreatment by other hospital employees. As to his EMTALA claim, appellant contended the Hospital was attempting to obtain summary judgment on his pleadings for failing to state a cause of action without allowing him the opportunity to amend his pleadings.

On September 27, 1996, the Hospital replied to appellant's response to its motion for summary judgment, objecting to appellant's response as being untimely filed without leave of the court, and objecting to appellant's summary judgment proof as being incompetent. The original submission date was set by the Hospital for September 30, 1996, and notice of submission was filed and served on September 4, 1996. Appellant's response was filed September 25, 1996, five days before the original submission date. The record does not show appellant's written request for leave to file late and there is no written order granting appellant leave of the court to file his response late. However, on September 27, 1996, the Hospital filed a notice of withdrawal of its request for oral hearing on September 30, 1996, and asked only that the court rule on the motion "pursuant to submission on September 30, 1996," without oral hearing. This notice was also served on appellant on September 27, 1996. On October 9, 1996, the Hospital filed a notice of *oral* hearing on October 17, 1996. The certificate of service on this notice of hearing recites service on appellant's counsel as required by the Texas Rules of Civil Procedure. Appellant failed to appear at the October 17, 1996, oral hearing, and the trial court granted the Hospital's motion for summary judgment without specifying grounds. The trial court also entered a separate order sustaining all of the Hospital's objections to appellant's summary judgment proof and his response to the Hospital's motion for summary judgment.

Appellant filed a motion for rehearing on October 23, 1996, claiming non-receipt of the Hospital's notice setting the oral hearing for October 17, 1996. In his motion for rehearing, appellant's counsel stated the Hospital timely sent the notice by certified mail, return receipt requested, but she did not receive it from the post office until after the hearing, on October 22, 1996. In the motion for rehearing, appellant's counsel alleged: "The undersigned was told by the postal clerk that, most likely, the letter had been returned to sender." The trial court denied appellant's motion for rehearing on November 18, 1996. The trial court entered a final order granting appellant's motion for nonsuit against the co-defendant, Dr. Elizabeth Wanner, on December 4, 1996, making the partial summary judgment entered October 17, 1996, final and severable. On January 3, 1997, appellant filed his partial motion for new trial, and alleged as grounds: (1) nonreceipt of the notice of oral hearing; (2) denial of appellant's right to amend his summary judgment proof after the trial court sustained the Hospital's objections; (3) the Hospital's summary judgment proof was incompetent; and (4) a material fact issue existed. The

trial court overruled appellant's motion for new trial on February 14, 1997.

## II. STANDARD OF REVIEW.

In order to prevail on summary judgment, the movant must disprove at least one of the essential elements of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991). This burden requires the movant to show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). In determining whether a material fact issue exists to preclude summary judgment, evidence favoring the nonmovant is taken as true, and all reasonable inferences are indulged in favor of the nonmovant. *Id.; see also Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 477 (Tex.1995). Any doubt is resolved in favor of the nonmovant. *Nixon,* 690 S.W.2d at 548–49; *see also Doe,* 907 S.W.2d at 477.

■ A summary judgment may be affirmed on any of the movant's theories which has merit. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 627 (Tex.1996). Appellate courts should consider all grounds for summary judgment the movant presented to the trial court when properly preserved for appeal. *Id.* at 625.

## III. DISCUSSION.

■ Initially, we find appellant's response to the Hospital's motion for summary judgment was timely filed. In its brief, the Hospital waives its initial complaint of untimely response by appellant, and states that it did not assert an objection at the hearing on its motion for summary judgment concerning the timeliness of appellant's summary judgment proof. When the trial court reset the original submission date from September 30 to October 17, 1996, the Hospital stipulated that appellant's evidence was then timely filed. We agree with the Hospital that when the trial court reset the hearing date, the appellant's time to respond to the motion for summary judgment was increased accordingly. *See Brown v. Capital Bank; N.A.,* 703 S.W.2d 231, 233–234 (Tex.App.—Houston [14

th Dist.] 1985, writ ref'd n.r.e.). Because the Hospital withdrew its objection to appellant's untimely response, it was not before the trial court. We overrule appellant's point of error seven contending the trial court erred in finding his response untimely filed.

**A. The "default" summary judgment.** In points of error two, three, five, nine, and ten, appellant contends that the trial court erred by sustaining the Hospital's objections to his summary judgment proof, and that he has been denied an opportunity to amend his summary judgment proof by the trial court's granting summary judgment in his absence. Appellant's counsel raised these points in her motion for new trial, and contended she did not receive the notice of the October 17, 1995, oral hearing until after the hearing and she was not at fault in failing to get the notice. Appellant's counsel admits the notice of the hearing was timely filed and served pursuant to rule 21a, Texas Rules of Civil Procedure, and she signed the "green card" indicating receipt of the notice. The green card does not indicate the date appellant's counsel received the notice. Appellant's counsel contends there was some confusion at the post office and she was told the letter was probably returned to the sender. Because she was not at fault, appellant's counsel contends appellant was entitled to a new trial.

1. **The *Craddock* rule.** This court has recently applied the application of the test set out in *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939) to no-answer summary judgment cases. *Medina v. Western Waste Industries,* 959 S.W.2d 328, 329–331 (Tex.App.—Houston [14 th Dist.] 1997, writ denied). In *Medina,* the appellee filed its motion for summary judgment contending appellant's wrongful termination suit was without merit, and appellant failed to respond. After the trial court granted appellee's motion for summary judgment, appellant filed a motion for new trial which was denied. On appeal, this court found the *Craddock* rule would apply in no-answer summary judgment cases and the standard of review is:

[W]here the failure to respond to a motion for summary judgment was (1) not intentional or the result of conscious indifference, but the result of an accident or mistake, a new trial should be granted, provided that (2) the non-movant's motion for new trial alleges facts and contains proof sufficient to raise a material question of fact, and (3) demonstrates that the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Id.* at 331.

*Medina* was a no-answer case and this case is a post-answer case, in that appellant filed his response to the Hospital's motion for summary judgment, but contends he received no notice of the hearing that resulted in the judgment against him. The *Craddock* rule also applies to post-answer default judgments. *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966). The second requirement of *Medina* requires the motion for new trial to contain proof sufficient to raise a material question of fact. *Id.* at 331. This criterion replaces the *Craddock* requirement that the party seeking a new trial must set up a meritorious defense, which applies in the default judgment context, but not in the summary judgment context. *Id.* at 331 n. 3.

■ **a. Was appellant's failure to attend the hearing intentional or the result of conscious indifference?** Appellant's counsel was duly served with the notice of the Oct. 17 hearing by the Hospital's notice of submission sent by certified mail, return receipt requested, and with a certificate of service signed by the Hospital's counsel attesting that the notice was sent to appellant's counsel as required by the Texas Rules of Civil Procedure. Appellant's counsel signed the "green card," but the date of receipt on the green card was not entered on the card. Appellant's counsel filed an affidavit with the motion for new trial attesting to the fact of non-receipt of the notice until after the hearing of October 17, 1996, and further attesting to no notice of the hearing date by any means. The Hospital opposed the motion for new trial arguing counsel was duly notified, and was presumed to be served. The Hospital did not furnish evidence to refute appel- lant's counsel's affidavit of nonreceipt of the actual notice.

■ Under rule 21a, Texas Rules of Civil Procedure, if notice of the hearing is properly addressed and mailed, postage prepaid, a presumption arises that the notice was properly received by the addressee. *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex.1987). The certificate of service of the party or attorney is the basis for the presumption. *Cronen v. City of Pasadena*, 835 S.W.2d 206, 209 (Tex.App.—Houston [1 st Dist.] 1992, no writ). The presumption may be rebutted by an offer of proof of nonreceipt. *Cliff*, 724 S.W.2d at 780. If the factual assertions in movant's affidavit for relief from default judgment are not controverted by the non-movant to the motion for new trial, the movant satisfies his burden if his affidavit sets forth facts that, if true, negate intentional or consciously indifferent conduct by the movant for new trial. *Director, State Emp. Wkrs' Comp. v. Evans*, 889 S.W.2d 266, 269 (Tex.1994).

In *Washington v. McMillan*, 898 S.W.2d 392, 394 (Tex.App.—San Antonio 1995, no writ), the appellant's attorney acknowledged that the motion for summary judgment was served in compliance with rule 21a. *Id.* at 394. It did not, however, ever reach either Washington's attorney or his secretary; instead, it was misrouted and sent directly to the file room. *Id.* Washington's attorney therefore failed to respond to the motion and failed to appear at the summary judgment hearing. *Id.* The trial court granted McMillan's motion and signed a summary judgment in his favor. *Id.* The court of appeals held, under these facts, that Washington's failure to answer was not intentional or the result of conscious indifference, but was due to an accident or mistake. *Id.* at 396. Because there is no concrete proof rebutting appellant's counsel's affidavit of nonreceipt, we hold that there is no evidence of conscious indifference or intentional failure to answer, and the nonreceipt of the actual notice was due to accident or mistake. *See Director, State Emp. Wkrs' Comp.*, 889 S.W.2d at 269. Accordingly, we find appellant has met the first requirement of the *Craddock* test, as modified by *Medina* for summary judgments.

■ **b. Does appellant's motion for new trial allege facts and contain proof sufficient to raise a material question of fact?** In his motion for new trial, appellant alleged the trial court erred in granting the Hospital's objections without allowing him opportunity to amend his summary judgment proof. The motion consisted of argument that the deposition excerpt of appellant attached to appellant's response to the Hospital's motion for summary judgment created a fact issue as to actual notice to the Hospital under the Tort Claims Act. The only evidence attached to the motion for new trial was an affidavit of appellant. In his deposition excerpt and affidavit, appellant states that he talked to Sonya Bender, an employee of the Hospital, the day after appellant's discharge. Appellant told Ms. Bender of several instances of carelessness in attending his personal needs, such as failure to bathe appellant, failure to change his linens, failure to provide a nutritionist, and other matters. Nowhere in his deposition or in his affidavit does he state that he was in anyway *injured* by this alleged mistreatment.

■ Section 101.101(c) of the Tort Claims Act provides that the formal notice requirements of section 101.101(a) "do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged." Tex. Civ. Prac. & Rem.Code Ann. § 101.101(c) (Vernon 1997). It is undisputed that appellant failed to provide the Hospital with formal, written notice of his claims within six months from his discharge. Actual notice to a governmental unit requires knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995).

As summary judgment proof, the Hospital submitted the affidavit of Robert Schaper, president/CEO of the Hospital, who stated the Hospital first received notice of appellant's claim in the form of a written letter from appellant's counsel on November 4, 1994, over six months from the date of appel-

lant's discharge. Prior to that date, Mr. Schaper testified the Hospital had received no notice of this claim. He further testified the Hospital did not have any actual notice, before November 4, 1994, that appellant was injured. We find the summary judgment evidence provided by appellant in his motion for new trial failed to raise a fact issue that the Hospital had actual notice of any injury claimed by appellant or notice of any alleged culpability on its part producing or contributing to any injury to appellant.

In point of error six, appellant contended the trial court erred in granting summary judgment to the Hospital on his EMTALA claim because appellant's pleadings failed to state a cause of action. In this point, appellant also contends the Hospital's summary judgment proof was incompetent. Appellant neither argued not supported his federal "patient dumping" claim in his motion for new trial with evidence. Appellant has failed to raise a material fact issue with respect to his EMALTA claim. *See Director, State Emp. Wkrs' Comp.,* 889 S.W.2d at 270.

**c. Has appellant demonstrated that the granting of his motion for new trial will not cause delay or otherwise work an injury to the Hospital?** Appellant's motion for new trial does not allege that granting a new trial will not injure the Hospital, nor is their an affidavit attached stating that appellant would be ready, willing and able to go to trial immediately. The third element of *Craddock* (and *Medina*) is that the motion for new trial be filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Director, State Emp. Wkrs' Comp.,* 889 S.W.2d at 270. "Once a defendant [appellant in this case] has alleged that granting a new trial will not injure the plaintiff [the Hospital in this case], the burden of going forward with proof of injury shifts to the plaintiff [the Hospital]." *Id.* An equitable principle is involved and the court should deal with the facts on a case by case basis in order to do equity. *Id.* "The goal to be achieved is to not unduly delay or injure the plaintiff [defendant Hospital in this case] by granting the motion." *Id.* Appellant has not attempted to satisfy the third element of the *Craddock/Medina* rules.

**■ 2. Appellant's Motion for New Trial was properly overruled.** Because appellant's motion for new trial failed to establish a material fact issue with sufficient proof of his causes of action, and because appellant failed to demonstrate that the granting of a motion for new trial will occasion no delay or otherwise work an injury to the Hospital, we find the trial court did not abuse its discretion in overruling appellant's motion for new trial. We overrule appellant's points of error two, three, five, six, eight, nine, and ten.

**B. Was the Hospital's summary judgment evidence sufficient to support the summary judgment?** Appellant's points of error one and four contend the Hospital's summary judgment evidence was legally insufficient to support the summary judgment. Specifically, he contends his deposition excerpt creates a fact issue as to actual notice to the hospital of his claim, and Mr. Schaper's affidavit was "a string of conclusory statements." In his written response to the Hospital's motion for summary judgment, appellant did not assert any objection to the Hospital's summary judgment proof. In his response, appellant argued that the Hospital had actual notice by his deposition testimony, and that special exceptions was the proper means of attacking the substance of his EM-TALA "patient dumping" claim. Appellant has waived his complaint by failure to present his objections to the Hospital's evidence to the trial court in his written response. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 675 (Tex.1979).

■ Despite the failure to object to the Hospital's evidence in the trial court, appellant still is entitled to argue the legal sufficiency of the grounds presented by the Hospital. *McConnell v. Southside School Dist.,* 858 S.W.2d 337, 343 (Tex.1993). Therefore, we will review the legal sufficiency of the Hospital's proof to establish its entitlement to summary judgment. *Id.*

■ **1. The affidavit of Robert Schaper.** The Hospital attached the affidavit of Robert Schaper to prove the nonreceipt of written notice of appellant's claim within six months from his discharge. Mr. Schaper is the President/CEO of the Hospital and was an interested witness under rule 166a(c),

Texas Rules of Civil Procedure. The affidavit clearly stated that the only notice ever received from appellant was the letter from appellant's attorney making a claim against the hospital. The letter was received November 4, 1994, over six months from appellant's discharge on March 31, 1994. Prior to that date, Mr. Schaper testified the Hospital had received no notice of this claim. He further testified the Hospital did not have any actual notice, before November 4, 1994, that appellant was injured. A similar affidavit was held sufficient to establish lack of notice by the governmental unit in *Cathey v. Booth,* 900 S.W.2d at 341, absent any actual notice of alleged culpability on its part producing or contributing to any injury to the plaintiff. *Id.* We have found that appellant's deposition excerpt and affidavit filed with his motion for new trial were no evidence of notice to the Hospital of any actual injury.

■ Summary judgment may be granted on the basis of uncontroverted testimonial evidence of an interested witness if that evidence "is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex.R. Civ. P. 166a(c); *see Casso v. Brand,* 776 S.W.2d 551, 558 (Tex.1989). The language "could have been readily controverted" "does not simply mean that the movant's summary judgment proof could have been easily and conveniently rebutted. Rather, it means that testimony at issue is of a nature which can be effectively countered by opposing evidence." *Casso,* 776 S.W.2d at 558; *see also Hamamcy v. Wyckoff Heights Hosp.,* 786 S.W.2d 32, 34 (Tex.App.—Fort Worth 1990, writ denied). Summary judgment is inappropriate if the credibility of the affiant or deponent is likely to be a dispositive factor in the resolution of the case. *Casso,* 776 S.W.2d at 558; *Winkler v. Kirkwood Atrium Office Park,* 816 S.W.2d 111, 114 (Tex.App.—Houston [14th Dist.] 1991, writ denied). "[S]ummary judgment may be proper if the nonmovant must come forth with independent evidence in order to prevail but fails to do so." *Hamamcy,* 786 S.W.2d at 34; *see Casso,* 776 S.W.2d at 558 (asserting that "if the non-movant must, in all likelihood, come for the with independent

evidence to prevail, then summary judgment may well be proper in the absence of such controverting proof"). We find that Mr. Schaper's affidavit was clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. Absent any controverting proof of actual notice of any alleged culpability on its part producing or contributing to any injury to appellant, the Hospital's summary judgment evidence was legally sufficient to prove that the appellant failed to comply with the notice provisions of section 101.101(a) and (c), Texas Tort Claims Act, and the Hospital was entitled to summary judgment as a matter of law on their affirmative defense of no notice of injury.

**■ 2. The EMTALA claim of "patient dumping."** The Hospital attached verified excerpts from appellant's medical records that he was discharged on March 31, 1994, to go home. He was in stable condition when he was discharged. Appellant did not object to this evidence at the trial court level. Appellant contends in his brief that this was improper because it was summary judgment on the pleadings for failure to state a cause of action without giving him the chance to replead. We disagree.

"[T]he protective features of special exception procedure should not be circumvented by a motion for summary judgment on the pleadings where ... plaintiff's pleadings fail to state a cause of action." *Texas Dept. of Corrections v. Herring,* 513 S.W.2d 6, 10 (Tex.1974). In this case, the Hospital moved for judgment on the pleadings, and also alleged it was entitled to summary judgment because appellant was not in an emergency medical condition when he was discharged. Therefore, one of the Hospital's grounds was it was not liable under the "patient dumping" provision of EMTALA because appellant was stable when he was discharged. The hospital supported this motion with proof that appellant was discharged on March 31, 1994, in stable condition. The Hospital proved as a matter of law that it was not liable under EMTALA. The summary judgment was not on appellant's pleadings; it was based on summary judgment *evidence* that *proved* appellant had no viable EMTALA claim. In

these circumstances, the law requires neither special exceptions nor a remand so that appellant may replead. *See Gonzales v. Postal Workers Union, AFL–CIO,* 948 S.W.2d 794, 799 (Tex.App.—San Antonio 1997, writ denied). We find the Hospital's summary judgment evidence was legally sufficient to support its summary judgment. Appellant's points of error one and four are overruled and the judgment of the trial court is affirmed.

FOWLER Justice, concurring.

I concur in the result reached by the majority but write separately to disagree with the application of the *Craddock* test to appellant's failure to appear at the summary judgment hearing. *See Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1934). I disagree with its application because a summary judgment hearing is not an evidentiary hearing; the judge's decision whether to grant a summary judgment motion depends on documents filed with the court, not on arguments made at the oral hearing. *See* Tex.R. Civ. P. 166a(c), (d). In fact, if we look at the types of proceedings that *Craddock* has been applied to, we find that they are dispositive, evidentiary hearings. An oral hearing on a motion for summary judgment is not a dispositive, evidentiary hearing. To be sure, evidence has been presented to the judge, but not at the hearing; the evidence is all contained in the motion and response, and any judgment entered in the case must be based on these documents and the pleadings. *See id.* A short review of the proceedings and events *Craddock* has been applied to illustrates this point.

Initially, the *Craddock* test was applied when a party failed to answer a lawsuit and a judgment was rendered against the party. *See Craddock,* 133 S.W.2d at 124–26. By failing to answer, the party was prejudiced because it was deemed to admit the allegations in the plaintiff's pleadings. *Craddock* was applied so that those parties who met the three prongs of *Craddock* could present their defense. *See id.* Later, *Craddock* was applied when a party answered a suit but missed the trial and a judgment was ren-

dered against it. *See Director, State Employees Workers' Compensation Div. v. Evans,* 889 S.W.2d 266, 269 (Tex.1994) (stating that a state agency was entitled to a new trial because its failure to appear at trial was a mistake); *Onyeanu v. Rivertree Apartments,* 920 S.W.2d 397, 398 (Tex.App.— Houston [1 st Dist.] 1996, no writ) (stating that a party was entitled to new trial when lawyer proved that he went to courtroom on day and time of trial and, when (1) courtroom was empty and (2) he saw note that judge was at a seminar, concluded that trial was rescheduled). By failing to appear at trial, the defendant was prejudiced because it lost its chance to present evidence and testimony supporting its position. In these cases, once again, *Craddock* allowed those parties meeting its three prongs to present their defense.

More recently, *Craddock* has been applied to dismissals of cases for failure to prosecute. *See* TEX.R. CIV. P. 165a; *Smith v. Babcock & Wilcox Constr. Co.,* 913 S.W.2d 467, 468 (Tex. 1995) (stating that the standard for determining if a case dismissed for want of prosecution should be reinstated is the *Craddock* standard). By failing to respond to the trial court's notice of its intent to dismiss for failure to prosecute, the defendant's position was prejudiced when the case was dismissed from the court's docket. As with the other situations, a party who met the *Craddock* standard, was allowed to have their case reinstated. Finally, some courts of appeals—not all of them—have applied *Craddock* when a party has failed to respond in writing to a motion for summary judgment. *See Medina v. Western Waste Indus.,* 959 S.W.2d 328, 329–31 (Tex.App.—Houston [14 th Dist.] 1997, writ denied); *Washington v. McMillan,* 898 S.W.2d 392, 395–97 (Tex. App.—San Antonio 1995, no writ); *Gonzales v. Surplus Ins. Servs.,* 863 S.W.2d 96, 102 (Tex.App.—Beaumont 1993, writ denied); *but see Rabe v. Guaranty National Ins. Co.,*

787 S.W.2d 575, 579 (Tex.App.—Houston [1 st Dist.] 1990, writ denied); *Enernational Corp. v. Exploitation Eng'rs., Inc.,* 705 S.W.2d 749, 751 (Tex.App.—Houston [1 st Dist.] 1986, writ ref'd n.r.e.). In this setting, the responding party may have been prejudiced by not responding to the movant's dispositive motion, although, as the First Court of Appeals has pointed out in its opinions, the summary judgment motion should not be granted just because the respondent failed to reply. It should be granted only because the motion was valid and the respondent failed to controvert the evidence presented. In any event, once again, a defaulting party was able to present its defense or raise a fact issue if it met *Craddock.*

These cases all have two facts in common: (1) the "defaulting party" failed to appear, either in writing or in person, on the date the party was required to appear for a dispositive motion; and (2) the party's failure to appear and defend itself, compromised or prejudiced the party's legal position, and, in some cases, enabled the trial court to enter a judgment against it. In contrast, an oral hearing on a summary judgment motion has neither of these characteristics: (1) it is not a dispositive hearing, i.e. the judge cannot rule on the motion based on the oral arguments, she must make the decision based on the motion and response and the evidence attached to them,[1] and (2) since the ruling must be based on the documents before the court, the party's failure to appear at the oral hearing.[2] Certainly, a party would, and should, be upset if it did not receive notice of the oral hearing, and should let the court know that it did not receive notice of the hearing. A party could even request that the trial court hold another hearing to allow it to argue its case; many judges would grant such a request. Nonetheless, the fact remains that in a summary judgment proceeding, the filing of the documents is the

---

1. The courts are subject to very strict guidelines as to what they may and may not consider in a motion for summary judgment. *See, e.g., McConnell v. Southside Indep. School Dist.,* 858 S.W.2d 337, 339–44 (Tex.1993); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678–79 (Tex. 1979).

2. In fact, in many counties, judges are not holding oral hearings on motions for summary judgment. They are ruling without the benefit of oral argument. Furthermore, when a party appeals a summary judgment, the appellate court looks only at the documents before the trial court and the arguments made in them; oral argument is never transcribed or considered.

dispositive event; the hearing is not the dispositive event.

In short, even though appellant did not appear at the oral hearing, appellant's rights were fully protected by the response it filed. Consequently, since the court was bound to look only at the documents before it, I would hold that the *Craddock* test should not be applied when a party files a response to a motion for summary judgment, but fails to appear for the oral hearing on the motion.[3] In my opinion, the majority should not have applied the *Craddock* test and instead should have looked directly to the motion for summary judgment and response to determine if the summary judgment should stand or be set aside.

---

**3.** I am aware that this conclusion is contrary to an opinion issued by the Fifth Court of Appeals. *See Mosser v. Plano Three Venture*, 893 S.W.2d 8, 11–12 (Tex.App.—Dallas 1994, no writ). I dis-

agree with the reasoning in that decision, which held that the nonmovant's due process rights were violated when he did not receive notice of the hearing.