

# NUMBER 13-23-00177-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

### IN THE MATTER OF THE MARRIAGE OF
### GLORIA ORDAZ AND DORANCE CUBA AND
### IN THE INTEREST OF D.O., D.O., M.O., CHILDREN

---

### ON APPEAL FROM THE COUNTY COURT AT LAW NO. 7
### OF HIDALGO COUNTY, TEXAS

---

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Silva
### Memorandum Opinion by Justice Silva

This is an appeal from a post-answer default judgment. The trial court entered a judgment granting divorce and dividing assets in accordance with appellee Gloria Ordaz's requests. By one issue, appellant Dorance Cuba argues the trial court abused its discretion in granting the post-answer default judgment during a status hearing that the

parties had previously agreed to reset via a filed Rule 11 agreement. We reverse and remand.

## I.    BACKGROUND

On January 5, 2021, Ordaz filed an original petition for divorce and request for temporary orders. Cuba timely responded. Following the parties' failed attempts at mediation, on January 31, 2023, the trial court scheduled the case for a status hearing to be held February 9, 2023. On February 8, 2023, Cuba filed a joint notice of a Rule 11 agreement confirming that the parties "agreed to reset the status hearing currently scheduled for" the following day. The filing was signed by both parties.

Ordaz appeared with counsel at the status hearing, and the following colloquy occurred:

| | |
|---|---|
| [ORDAZ]: | I have No. 11 on your Civil Docket. It's a Status Hearing on a divorce decree. My client is present in the courtroom, Judge . . . . |
| THE COURT: | Where is [Cuba's counsel]? |
| [ORDAZ]: | Judge, I spoke to him yesterday. I don't know if he was going to be here. He had not been able to contact his client. He went ahead and sent a Rule 11 yesterday to my office. With the Court's permission, I want to see if maybe we can refer this case to mediation again, Judge. It was unsuccessful the first time . . . , but maybe the possibility—it's been lingering on for a while, and I know the Respondent has been somewhat difficult to deal with, Judge. |
| THE COURT: | Dorance Cuba. Call out the name. |
| THE BAILIFF: | Name called out three times, no response. |

| THE COURT: | We can go ahead and proceed with a Default [judgment] today since nobody is showing up on the other side. |
|---|---|
| [ORDAZ]: | We can go ahead and proceed with a Default [judgment]?[1] |
| THE COURT: | If people don't show up—is there a Rule 11? |
| [ORDAZ]: | Well, I I—I had agreed with [Cuba's counsel] to move it, Judge. If we proceed with a Default [judgment], I don't mind. |
| THE COURT: | All right. . . . [C]all out the name of the attorney. [Counsel], there's a problem with people just not showing up to Court. They think they don't have to show up. I'm sure your client doesn't want to go spend another $600 in mediation. She'd rather proceed today and try to get it done. |
| [ORDAZ]: | No, Judge. Can you recall it so I can get the prove up questions, Judge? |
| THE COURT: | Go ahead and I'll recall it. |

The trial court recalled the case, Ordaz testified, and the trial court granted "[a]ll relief requested" by Ordaz.

On February 17, 2023, the parties received notice that a final decree of divorce had been entered on February 16, 2023. On March 7, 2023, Cuba filed a request for findings of fact and conclusions of law. Cuba subsequently filed a timely motion for new trial, wherein Cuba argued that although he had received notice of a status hearing on February 9th, a Rule 11 agreement was on file evidencing the parties' intent to reset the status hearing, and Cuba otherwise had no notice that a dispositive hearing would be

---

[1] No motion for a default judgment appears in the record nor does Ordaz argue on appeal that such motion had been filed.

3

held on February 9th. Though no supporting affidavits were attached, Cuba attached the Rule 11 filing and status hearing notice to his motion. Cuba's motion for new trial was overruled by operation of law, and this appeal ensued.

## II. DEFAULT JUDGMENT

By a single issue, Cuba argues the trial court abused its discretion in granting a post-answer default judgment at a status hearing.

### A. Standard of Review and Applicable Law

The *Craddock* test is the standard for setting aside post-answer default judgments. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009) (per curiam) (citing *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)). "If a defaulting party moves for a new trial and satisfies *Craddock*, then the trial court abuses its discretion in failing to grant a new trial." *B. Gregg Price, P.C. v. Series 1-Virage Master LP*, 661 S.W.3d 419, 424 (Tex. 2023) (per curiam). "A trial court abuses its discretion when it acts with disregard of guiding rules or principles or in an arbitrary or unreasonable manner." *In re Kappmeyer*, 668 S.W.3d 651, 655 (Tex. 2023) (orig. proceeding).

Under the *Craddock* test, a post-answer default judgment should be vacated and a new trial granted only when the defaulting party establishes: "(1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no delay or otherwise injure the plaintiff." *Lerma*, 288 S.W.3d at 925. It is the defaulting party's burden to prove each element of the *Craddock* test. *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012); *see also Elizardi*

4

*v. One Last Cast, LLC*, No. 13-20-00372-CV, 2022 WL 551149, at *2 (Tex. App.—Corpus Christi–Edinburg Feb. 24, 2022, no pet.) (mem. op.). "A defendant satisfies its burden as to the first *Craddock* element when its factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff." *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012) (citing *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (per curiam)).

If the defaulting party demonstrates that they did not receive notice of the dispositive setting, then they are relieved from proving the other *Craddock* elements. *See Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 813 (Tex. 2012) (per curiam); *see also In re C.A.C.*, No. 13-10-00332-CV, 2011 WL 3631958, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 18, 2011, no pet.) (mem. op.) ("In a post-answer default judgment, where the defaulting party has established the first element—*i.e.*, absence of intent or conscious indifference in failing to appear at trial—by proof that it was not given notice of the default judgment hearing, it need not prove the second and third *Craddock* elements—*i.e.*, a meritorious defense and absence of delay or undue prejudice."). This is because "[a] defendant who does not receive notice of a default judgment proceeding is deprived of due process." *Coastal Banc SSB v. Helle*, 48 S.W.3d 796, 801 (Tex. App.—Corpus Christi–Edinburg 2001, pet. denied); *see Mabon*, 369 S.W.3d at 813 ("Entry of a post-answer default judgment against a defendant who did not receive notice of the trial setting or dispositive hearing constitutes a denial of due process under the Fourteenth Amendment of the United States Constitution.").

5

It is also a denial of due process and an abuse of discretion for a trial court to convert a pretrial hearing into a dispositive hearing without prior notice to the defendant of that possibility. *See Murphree v. Ziegelmair*, 937 S.W.2d 493, 495 (Tex. App.— Houston [1st Dist.] 1995, no writ) (holding trial court abused its discretion by granting default judgment when party had no notice that failure to appear at a pretrial conference would result in a default judgment); *see also Poledore v. Poledore*, No. 05-15-00619-CV, 2016 WL 2620648, at *1 (Tex. App.—Dallas May 6, 2016, pet. denied) (mem. op.) (affirming a default judgment obtained in pretrial hearing where the notice of the hearing included the following warning: failure to appear at the hearing "may result in a default judgment being entered against you"); *Four-Thousand-Five-Hundred Twenty-Eight Dollars v. State*, No. 08-03-00239-CV, 2004 WL 1576779, at *1 (Tex. App.—El Paso July 15, 2004, no pet.) (mem. op.) (reversing where the trial court rendered a default judgment at a status hearing because "it is undisputed that the [appellant] had no notice that a default judgment could be rendered against them").

## B.     Analysis

At the outset we address Ordaz's contention that Cuba failed to preserve his claim for review because the trial court provided no response to Cuba's request for findings of facts and conclusions of law and did not hold a hearing or rule on Cuba's motion for new trial. Ordaz cites to Rule 33.1 of the Texas Rules of Appellate Procedure in support. *See* Tex. R. App. P. 33.1.

A motion for new trial is the proper vehicle to set aside a post-answer default judgment. *See Lerma*, 288 S.W.3d at 925–26; *cf. Elizardi*, 2022 WL 551149, at *2

(concluding appellant waived a default judgment challenge on appeal where she filed a request for findings of fact and conclusions of law but did not file a motion for new trial). Moreover, Rule 33.1(b) specifically provides that a trial court's "overruling by operation of law of a motion for new trial . . . preserves for appellate review a complaint properly made in the motion." TEX. R. APP. P. 33.1. Whether the trial court holds a hearing is immaterial; the issue is preserved if the appellant files a timely motion for new trial challenging a post-answer default judgment, and the motion is supported by affidavits or other competent evidence. *See Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966); *see also BDFI, LLC v. Boxer Prop. Mgmt. Corp.*, No. 14-22-00828-CV, 2024 WL 3342480, at *3 (Tex. App.— Houston [14th Dist.] July 9, 2024, no pet. h.) (mem. op.) (concluding "[t]he lack of a [motion for new trial] hearing record is not dispositive" of a default judgment challenge); *Gomez Paving, LLC v. S. Tex. Commc'n, Inc.*, No. 13-22-00433-CV, 2023 WL 4943329, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 3, 2023, no pet.) (mem. op.) (reversing a default judgment where appellant filed a motion for new trial supported by affidavits which was overruled by operation of law); *cf. Cisneros v. Regalado Fam. Ltd. P'ship*, No. 13-10-089-CV, 2011 WL 3366345, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 4, 2011, no pet.) (mem. op.) (affirming a default judgment where appellant failed to support his motion for new trial with "affidavits or other evidence by which this [C]ourt could determine if he met the test set forth in *Craddock*").

Although no affidavits were attached to Cuba's motion for new trial, it was supported by competent evidence: the trial court's February 9th setting notice and the parties' Rule 11 agreement. Thus, Cuba's complaint has been preserved for appellate

review, *see* TEX. R. APP. P. 33.1; *Ivy*, 407 S.W.2d at 214, and we consider contentions made in Cuba's motion for new trial supported by these attachments and disregard unsupported contentions.[2]

We now consider Cuba's contention that he received no notice that the February 9th hearing was for a dispositive setting or that default judgment would be the consequence of his absence. The attached trial court setting notice, signed by the trial court on January 31, 2023, notified the parties that the case was scheduled for a "status hearing" on February 9, 2023. The setting notice contains no language cautioning that a default judgment would follow should Cuba fail to appear nor does it otherwise indicate that the February 9th hearing would be a dispositive one. Meanwhile, the attached Rule 11 agreement indicates it was signed by both parties and filed with the court.[3] In the Rule 11 agreement, the parties "agreed to reset the status hearing currently scheduled for" February 9th. This evidence remains uncontroverted, and neither party disputes that Cuba filed an answer to the suit and was therefore entitled to notice of all hearings—including a dispositive one. *See Helle*, 48 S.W.3d at 801. On these facts alone, the first

---

[2] Specifically, this Court does not consider Cuba's unsupported contention that it was Ordaz's counsel—not Cuba's—who had initiated the Rule 11 agreement to reset the status hearing, and in reliance on Ordaz's representations, neither Cuba nor his counsel attended the February 9th status hearing. *See Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966); *see also Suarez v. Suarez*, No. 13-04-108-CV, 2006 WL 1194960, at *1 (Tex. App.—Corpus Christi–Edinburg May 4, 2006, no pet.) (mem. op.) ("Alfredo's allegations in his motion for new trial regarding his failure to appear were neither verified nor supported by an affidavit or any other evidence. Thus, his contentions cannot be considered competent evidence presented in satisfaction of the *Craddock* elements.").

[3] The purpose of Rule 11 agreement is "to ensure that agreements of counsel affecting the interests of their clients are not left to the fallibility of human recollection and that the agreements themselves do not become sources of controversy." *ExxonMobil Corp. v. Valence Operating Co.*, 174 S.W.3d 303, 309 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Further, the trial court has a ministerial duty to enforce a valid Rule 11 agreement. *Shamrock Psych. Clinic, P.A. v. Tex. Dep't of Health & Hum. Servs.*, 540 S.W.3d 553, 560 (Tex. 2018) (per curiam); *In re Marriage of Comstock*, 639 S.W.3d 118, 129 (Tex. App.—Houston [1st Dist.] 2021, no pet.).

8

element of the *Craddock* test—that is, the absence of intent or conscious indifference in failing to appear at a dispositive setting—is satisfied. *See Mabon*, 369 S.W.3d at 813; *see also Onyeanu v. Rivertree Apartments*, 920 S.W.2d 397, 398 (Tex. App.—Houston [1st Dist.] 1996, no writ) ("If, as here, there was no recorded hearing and no controverting affidavits, the movant's uncontroverted evidence is sufficient if it sets forth facts that, if true, negate intentional or consciously indifferent conduct by the defendant."). Cuba is relieved from proving the other *Craddock* elements. *See Mabon*, 369 S.W.3d at 813.

Accordingly, the trial court abused its discretion in issuing its default judgment. *See Murphree*, 937 S.W.2d at 495; *see also Barbosa v. Hollis Rutledge & Assocs., Inc.*, No. 13-05-485-CV, 2007 WL 1845583, at *2 (Tex. App.—Corpus Christi–Edinburg June 28, 2007, no pet.) (mem. op.) ("[I]t is a denial of due process and an abuse of discretion to convert a pretrial conference into a default judgment hearing without notice to the defendant of that possibility."); *see generally In re Curnutt*, No. SCR 23-0002, 2024 WL 1224229, at *11 (Tex. Spec. Ct. Rev. 2024). We sustain Cuba's sole issue.

### III.    CONCLUSION

We reverse the judgment of the trial court and remand for proceedings consistent with this memorandum opinion.

CLARISSA SILVA
Justice

Delivered and filed on the
28th day of August, 2024.

9