**CRIME CONTROL, INC., Appellant,**

**v.**

**RMH–OXFORD JOINT VENTURE, Randolph M. Henry and Bruce Cameron, Appellees.**

**No. B14–85–737–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 22, 1986.

Rehearing Denied July 7, 1986.

Ingrid J. Blackwelder, Houston, for appellant.

John H. Boswell, Michele Quattlebaum, Houston, for appellees.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a summary judgment in a third-party action for indemnity or contribution. We affirm.

Appellee brought its action on January 30, 1984, and appellant answered on February 21. On February 29th and May 18th, appellee filed requests for admissions. Appellant failed to respond to either, and they were deemed admitted. On October 19, appellant's local counsel requested leave to withdraw because appellant would not provide him with the necessary information. The court granted the motion to withdraw. On December 6, a third set of requests for admissions was served. Appellant did not respond and they were deemed admitted.

On January 28, 1985, appellee moved for a summary judgment based on these admissions. On February 22, appellant, through its Indiana counsel, requested a thirty day extension of the time in which to respond to the summary judgment motion. The trial court refused the appellant's request for extension, appellant failed to respond and the court granted the unopposed motion for summary judgment on March 12.

On March 22, appellant filed a motion to amend the responses to the requests for admissions and a motion for new trial. After a hearing, the court denied both motions.

Appellant brings three points of error. In its first and second, it argues that the trial court erred in failing to grant it a new trial characterizing the summary judgment as a default judgment. Appellant argues that this court must apply the *Craddock* test to determine whether the judgment should be set aside and a new trial granted. *See Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939). The first question thus becomes whether this summary judgment can be treated as a default judgment.

 A default judgment can be granted when a person: 1) fails to answer or, 2) answers but fails to appear at trial. The

essence of a default judgment is that a non-movant fails to take a step *required* by a rule of practice or of the court. *See Continental Oil and Gas Production Co. v. Austin,* 17 S.W.2d 1114 (Tex.Civ.App.—Eastland 1926, no writ). A summary judgment can be granted when a movant shows that there are no genuine issues of fact, and a party is entitled to prevail as a matter of law. A non-movant *is not required* to respond for a summary judgment to be denied. *See Cove Investments, Inc. v. Manges,* 602 S.W.2d 512 (Tex.1980).

■ If appellee's summary judgment proof had been legally insufficient, a summary judgment would have been denied notwithstanding the lack of any response by appellant. *See Cove Investments,* supra. Since appellant was not required to respond to the motion for summary judgment, it was not a default judgment. The first two points of error are overruled.

In its third point of error, appellant contends that the trial court abused its discretion in failing to permit it to amend its responses to the requests for admissions. Here, appellee sent appellant three requests for admissions. Appellant failed to answer any of them. According to Tex.R. Civ.P. 169(1), matters set forth in a request for admission are deemed admitted unless answered by the party to whom the request is directed in writing within thirty days after service. Any matter admitted under this rule is conclusively established unless the court permits withdrawal or amendment of the admissions. Tex.R. Civ.P. 169(2).

■ The trial court has broad discretion in such matters, and its ruling will be set aside only on a showing of clear abuse of discretion. *See Schindler v. AG Aero Distributors, Inc.,* 502 S.W.2d 581 (Tex. Civ.App.—Corpus Christi 1973, no writ); *Texas Employers Insurance Association v. Bragg,* 670 S.W.2d 712 (Tex.App.—Corpus Christi 1984, no writ). To find abuse of discretion, we must decide a showing that the court acted in an arbitrary or unreasonable manner *See Downer v. Aqua-Marine,* 701 S.W.2d 238 (1985); *Parks v.*

*U.S. Homes Corp.,* 652 S.W.2d 479 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd) or incorrectly ignored any legal or equitable excuse for the failure to respond. *See Mathes v. Kelton,* 565 S.W.2d 78 (Tex. Civ.App.—Amarillo 1978), aff'd on other grounds, 569 S.W.2d 876 (Tex.1978); *Texas Employer's Ins. Ass'n. v. Bragg,* 670 S.W.2d 712 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

Appellant's general excuse is that it was unaware of the pendency of this lawsuit "due to the concurrence of a number of facts which had resulted in turmoil and confusion at both corporate and branch levels." However, in February of 1984, amidst all its alleged adversity, appellant, through its attorney, filed an answer to the lawsuit. Moreover, local counsel for appellant, in his motion to withdraw, acknowledged that appellant was aware of the request for admissions. The motion stated:

> Subsequent to filing this answer, certain discovery procedures were initiated by the Plaintiff in this Cause, more specifically being Request For Admissions and Interrogatories. *Although duly advised,* my client has failed to provide me with the necessary information to properly defend this cause of action and answer Plaintiff's discovery request. (emphasis added).

While appellant contends it was in economic unrest, it never discontinued selling, maintaining, and servicing security systems, nor did it cease its day to day operations.

■ The facts of this case show a conscious disregard by appellant rather than a legal or equitable excuse. The trial court did not abuse its discretion in not allowing appellant to amend its answers. *See Trevino v. Central Freight Lines, Inc.,* 613 S.W.2d 356 (Tex.Civ.App.—Waco 1981, no writ); *Overstreet v. Home Indemnity Co.,* 669 S.W.2d 825 (Tex.App.—Tyler), *rev'd on other grounds,* 678 S.W.2d 916 (Tex.1984). The third point of error is overruled.

The judgment of the trial court is affirmed.