**Miguel MEDINA, Appellant,**

v.

**WESTERN WASTE INDUSTRIES, Appellee.**

**No. 14–96–00667–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 18, 1997.

Rehearing Overruled Jan. 8, 1998.

---

4. We express no opinion as to the voluntariness    of Mendoza's prior testimony.

Justice B. Adjei, Houston, for appellant.

Karen D. Smith, Douglas R. Drucker, Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and O'NEILL, JJ.

## OPINION

ANDERSON, Justice.

Appellant, Miguel Medina, appeals the trial court's ruling granting summary judgment in favor of appellee, Western Waste Industries (Western). He argues that the court abused its discretion and committed gross error by granting appellee's motion for summary judgment in the absence of appellant's counsel. In addition, he contends the trial court erred in denying his motion for new trial. We affirm the judgment of the trial court.

Appellant was an employee of Western. In the course of his employment, he injured his foot. During his recovery, he received medical and disability payments from Western's workers' compensation carrier. However, when his treating physician released appellant to return to work full-time on April 21, 1993, appellant did not show up. Western attempted to contact him without success. Appellant did not contact Western until June of 1993, at which time the company advised him that he had already been listed as a "voluntary quit" in accordance with company policy.

Appellant filed suit claiming that the company terminated him in retaliation for filing a workers' compensation claim. Western filed a motion for summary judgment attaching the deposition testimony of appellant in which he admitted that he did not believe he was fired because he filed a workers' compensation claim. Appellant did not file a response to appellee's motion for summary judgment, and the motion was granted on December 20, 1995.

In his first and second points or error, appellant complains that the trial court improperly granted Western's motion for summary judgment. He states that this ruling was gross error because it was made in the absence of appellant's counsel. In addition, he states that the ruling was arbitrary and capricious, not supported by the proof, and an excessive abuse of discretion. Appellant fails to provide any support for these arguments in the record. In addition, he fails to cite us to any authority supporting the review he seeks. A point of error not supported by authority is waived. *Trenholm v. Ratcliff,* 646 S.W.2d 927, 934 (Tex.1983); *Casteel–Diebolt v. Diebolt,* 912 S.W.2d 302, 305 (Tex.App.—Houston [14th Dist.] 1995, no writ); *see also* TEX.R.APP. P. 74(f). Appellant has waived appellate review of these alleged errors, so we need not address his first and second points of error.

In his third point of error, appellant argues that the trial court improperly denied his motion to set aside the summary judgment and his motion for new trial. In making this argument, appellant contends that this court should apply the test set out in *Craddock v. Sunshine Bus Lines,* which allows courts to set aside no answer default judgments in certain circumstances. 134 Tex. 388, 133 S.W.2d 124 (1939). The Texas Supreme Court has not directly addressed the issue of whether the *Craddock* test applies to appellate review of the denial of a motion for new trial following an unopposed summary judgment.

Western asserts that the *Craddock* test does not apply to a motion for new trial following the granting of an unopposed summary judgment. Whether *Craddock* applies is a threshold issue to be determined because, if it does, it will dictate the appropriate standard of review in a case such as this. *See Washington v. McMillan,* 898 S.W.2d 392, 394 (Tex.App.—San Antonio 1995, no writ). If *Craddock* applies here, the stan-

dard of review is: the trial court abuses its discretion in denying a motion for new trial if the non-movant establishes (1) the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident, (2) the motion for new trial sets up a meritorious defense,[1] and (3) the motion is filed at a time when the granting thereof will occasion no delay or otherwise work an injustice to the plaintiff. *Craddock*, 133 S.W.2d at 126.

The Texas intermediate courts of appeals which have addressed the applicability of the *Craddock* standard for reviewing a motion for new trial following an unopposed summary judgment have reached different conclusions. *See Washington v. McMillan*, 898 S.W.2d 392 (Tex.App.—San Antonio 1995, no writ); *Gonzales v. Surplus Ins. Services*, 863 S.W.2d 96, 102 (Tex.App.—Beaumont 1993, writ denied); *Krchnak v. Fulton*, 759 S.W.2d 524, 528–29 (Tex.App.—Amarillo 1988, writ denied); *Mosser v. Plano Three Venture*, 893 S.W.2d 8, 12 (Tex.App.—Dallas 1994, no writ); *Costello v. Johnson*, 680 S.W.2d 529, 531 (Tex.App.—Dallas 1984, writ ref'd n.r.e.) (all applying *Craddock* to unopposed summary judgments); *see also Arit International Corp. v. Allen*, 910 S.W.2d 166, 175 (Tex. App.—Fort Worth 1995, no writ) (suggesting, in dicta, that *Craddock* applies to summary judgments where the non-movant failed to receive notice of the hearing date). *But see Crime Control, Inc. v. RMH–Oxford Joint Venture*, 712 S.W.2d 550, 551–52 (Tex.App.— Houston [14th Dist.] 1986, no writ); *Rabe v. Guaranty National Ins. Co.,* 787 S.W.2d 575, 579 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *Enernational Corp. v. Exploitation Engineers*, 705 S.W.2d 749, 751 (Tex.App.— Houston [1st Dist.] 1986, writ ref'd n.r.e.) (all

refusing to apply *Craddock* to unopposed summary judgments); *and Bell v. State Dept. of Highways and Public Transp.*, 902 S.W.2d 197 (Tex.App.—Houston [1st Dist.] 1995, no writ) (Cohen, J. concurring) (confessing error in joining the majority opinion in *Enernational* to the extent that case held *Craddock* does not apply to unopposed summary judgments). *See also* Timothy Patton, SUMMARY JUDGMENTS IN TEXAS, 112, 114 (1994).

◼ We believe that the *Craddock* test logically applies to unopposed summary judgments as well as to default judgments.[2] It is true, as Western has argued, that summary judgment will only be granted if the movant's proof is sufficient as a matter of law, not because the non-movant fails to file a response. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979). However, there are situations where a failure to respond may cause a summary judgment to be granted where it otherwise may not have been. For instance, when the movant's summary judgment proof, standing alone, is sufficient as a matter of law, the non-movant may still preclude summary judgment if he utilizes his response to direct the court's attention to material questions of fact in the record, or if he attaches proof to his response which controverts the proof offered by the movant. Further, the rules of civil procedure establish that the uncontroverted testimony of an interested witness or an expert may be used to establish an element of a cause of action *as a matter of law*. Thus, the non-movant's response is crucial in the sense that it is a necessary means for controverting otherwise uncontroverted testimony in order to raise a fact issue precluding summary judgment. See TEX.R. CIV. P. 166a (c). In these instances, the non-movant's

---

1. If *Craddock* is to be properly applied in the context of unopposed summary judgments, this criterion of the test must be modified as indicated in note 3.

2. We recognize that a previous panel of this court, citing *Cove Investments, Inc. v. Manges*, 602 S.W.2d 512 (Tex.1980), stated that a motion for summary judgment may only be granted if the movant is entitled to a judgment as a matter of law; thus, a response is not required. *Crime Control, Inc. v. RMH–Oxford Joint Venture*, 712 S.W.2d 550, 551–52 (Tex.App.—Houston [14th

Dist.] 1986, no writ). However, the *Crime Control* opinion fails to address the fact that a motion for summary judgment may be defeated by two different means: (1) a finding that the movant's proof is insufficient to show that he has established every element of his claim or defense as a matter of law; *or* (2) proof establishing the existence of material questions of fact. *See* TEX.R. CIV. P. 166a(c). Because we recognize that this second criterion exists, we cannot adopt that panel's conclusion.

opportunity to counter the movant's summary judgment proof is as critical to preserving his claim or defense as is his original answer. Logically, then, where the non-movant's failure to respond is the result of inadequate notice or excusable error, we believe it is as important to rectify the resulting injustice in that case as it is where default judgment is granted as a consequence of an accidental or mistaken failure to answer. Thus, we hold that where the failure to respond to a motion for summary judgment was (1) not intentional or the result of conscious indifference, but the result of an accident or mistake, a new trial should be granted, provided that (2) the non-movant's motion for new trial alleges facts and contains proof sufficient to raise a material question of fact,[3] and (3) demonstrates that the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *See Washington,* 898 S.W.2d at 395–96.

■ Having determined *Craddock* applies to motions for new trial following unopposed summary judgments, we must now determine whether appellant has satisfied its criteria in this case. We find that he has not. The first prong of the *Craddock* test requires appellant to demonstrate that his failure to respond was not intentional or the result of conscious indifference,[4] but rather an accident or a mistake. We do not believe appellant's proof is sufficient to satisfy this prong. In an affidavit supporting appellant's motion for new trial, appellant's attorney admits that he received adequate notice of the summary judgment hearing, but contends that he failed to respond due to the fact that he was in the process of moving his law office, as well as the fact that his mother-in-law had died and he had to go to New Mexico to arrange for her funeral and settle her affairs. The affidavit shows that counsel moved his law offices in late October 1995. Western filed its motion for summary judgment on November 3, 1995. The attorney's mother-in-law died on November 23, 1995. The trial

court granted appellee's motion for summary judgment nearly a month later. Appellant's attorney had notice of the filing of Western's motion and ample time to either respond to it or request more time to do so due to the complicated state of his personal affairs. Apparently, appellant elected to do nothing.

Based on these facts, we cannot say appellant has met his burden of establishing that his failure to respond was not intentional or the result of conscious indifference, but was the result of an accident or mistake, when almost two months had passed since his relocation and nearly a month had passed since his mother-in-law's death. *See Halligan,* 850 S.W.2d at 803–804 (holding that appellant's mother's heart attack three days prior to trial setting was insufficient to meet appellant's burden to show failure to appear at trial was not the result of conscious indifference because he had ample time to notify the trial court of the circumstances and request an extension). In addition, we find appellant has not satisfied the requirement that he demonstrate that the record contains material questions of fact precluding summary judgment. For these reasons, we hold that the trial court properly overruled appellant's motion for new trial. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.

MURPHY, Chief Justice, concurring.

While I agree with the majority's decision to affirm the trial court's decision, I would not reach the determination of whether Medina has met the *Craddock* test because I believe prior precedent of this court establishes that the test does not apply in reviewing a motion for new trial following an unopposed summary judgment. *See Crime Control, Inc. v. RMH–Oxford Joint Venture,* 712 S.W.2d 550, 551–52 (Tex.App.—Houston [14th Dist.] 1986, no writ); *see also Enernational Corp. v. Exploitation Eng'rs,* 705 S.W.2d 749, 751 (Tex.App.—Houston [1st

---

**3.** This criterion replaces the *Craddock* requirement that the party seeking a new trial must set up a meritorious defense, which applies in the default judgment context, but not in the summary judgment context. *Krchnak,* 759 S.W.2d at 530.

**4.** Conscious indifference has been defined as the failure to take some action which would seem indicated to a person of reasonable sensibilities under the circumstances. *Halligan v. First Heights, F.S.A.,* 850 S.W.2d 801, 804 (Tex.App.—Houston [14 th Dist.] 1993, no writ).

Dist.] 1990, writ ref'd n.r.e.) (refusing to apply *Craddock*). Therefore, I concur in the judgment only as to Medina's third point of error.