Affirmed and Memorandum Opinion filed July 12, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00511-CV



 

PHILIP R. THORNTON, Appellant

V.

OPRONA INC. D/B/A ROSEN USA, Appellee

 



On Appeal from the 270th
District Court

Harris County, Texas

Trial Court Cause No. 2009-16913



 

MEMORANDUM OPINION

In three
issues, appellant, Philip R. Thornton, contends the trial court erred by
granting Oprona, Inc., d/b/a Rosen USA’s (“Rosen”) no-evidence motion for
summary judgment.  We affirm. 

I.   Background

In March
2009, Thornton filed a premises-liability suit against Rosen, alleging he was
injured as a result of Rosen’s negligence.  On October 15, 2009, the trial
court granted a motion to withdraw filed by Thornton’s attorney, premised on
Thornton’s desire “to retain other counsel to represent him in this matter or
to represent himself pro se.”  During February 2010, Rosen and Thornton
agreed to a continuance based in part on delays in discovery necessitated by
Thornton’s attempt to retain new counsel.  However, Thornton failed to timely retain
new counsel.  

During
March 2010, Rosen filed a no-evidence motion for summary judgment in which it
asserted that there was no evidence regarding the duty, breach, and causation
elements of Thornton’s negligence claim.  Rosen notified Thornton regarding the
time and date for the summary-judgment hearing.  However, Thornton did not file
a pleading or evidence responsive to Rosen’s motion prior to the hearing. 
Instead, Thornton appeared at the hearing and attempted to present responsive
evidence.  The trial court granted Rosen’s motion for summary judgment. 

Subsequently,
Thornton filed a “Motion for Appeal of No-Evidence Summary Judgment” and attached
documents.  The record does not reflect that this motion was set for submission
or hearing or otherwise brought to the trial court’s attention.  However, we
have treated this motion as Thornton’s notice of appeal.  Thornton did not file
a motion for new trial or otherwise request that the trial court set aside the judgment. 
On appeal, Thornton is represented by counsel.

II.   No-Evidence Motion for Summary Judgment

            In his first
issue, Thornton contends the judgment should be set aside because his failure
to timely respond to Rosen’s no-evidence motion for summary judgment was due to
mistake or accident.  In his second issue, Thornton contends it was improper
for Rosen to file a no-evidence motion because it had notice of the existence
of evidence supporting Thornton’s claims.  In his third issue, Thornton
contends the trial court erred by granting Rosen’s motion because it was
conclusory.

A.   Standard of
Review

After
adequate time for discovery, a party may move for summary judgment on the
ground there is no evidence of one or more essential elements of a claim or
defense on which an adverse party would have the burden of proof at trial. 
Tex. R. Civ. P. 166a(i); W. Invs., Inc. v. Urena, 162 S.W.3d 547, 550
(Tex. 2005).  The movant must state the elements on which there is no
evidence.  Tex. R. Civ. P. 166a(i).  Unless the respondent produces
summary-judgment evidence raising a genuine issue of material fact on the
challenged element, the trial court must grant the motion.  Id.; Urena,
162 S.W.3d at 550.  To defeat a no-evidence motion for summary judgment, the nonmovant
need not marshal his evidence, but must point out in his response evidence
raising a genuine issue of fact as to the challenged element.  See Tex.
R. Civ. P. 166a(i) cmt. 1997; San Saba Energy, L.P. v. Crawford, 171
S.W.3d 323, 330 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  The non-movant’s
response must be filed no later than seven days prior to the day of the
hearing.  Tex. R. Civ. P. 166a(c).       

B.        Summary Judgment Movant’s Notice of Evidence
Regarding Challenged Elements

We begin
with Thornton’s second issue, in which he contends it was improper for Rosen to
file a no-evidence motion because it had notice that evidence existed
supporting Thornton’s negligence claim.  A no-evidence motion operates to place
the burden on the non-movant to present evidence raising a genuine issue of
material fact.  Kane v. Cameron Int’l. Corp., 331 S.W.3d 145, 147 (Tex. App.—Houston
[14th Dist.] 2011, no pet.).  Thornton cites no authority for the contention
that a movant’s notice of the existence of evidence supporting the non-movant’s
claim precludes the movant from filing a no-evidence motion for summary
judgment, nor is this proposition supported by the plain language of Rule
166a(i).  We overrule Thornton’s second issue.

C.        Sufficiency
of No-Evidence Motion for Summary Judgment

In his third
issue, Thornton argues that Rosen’s no-evidence motion was conclusory.  A
no-evidence motion is not conclusory when the movant specifies the claims and
elements unsupported by the evidence.  See Alaniz v. Rebello Food &
Beverage, L.L.C., 165 S.W.3d 7, 11–12 (Tex. App.—Houston [14th Dist.] 2005,
no pet.); Dolcefino v. Randolph, 19 S.W.3d 906, 924 n.12 (Tex.
App.—Houston [14th Dist.] 2000, pet. denied).  We conclude Rosen’s motion was
not conclusory because Rosen specified that there was no evidence supporting
the duty, breach, and causation elements of Thornton’s negligence claim.  Accordingly,
we overrule Thornton’s third issue.

D.        Failure to
Respond to No-Evidence Motion for Summary Judgment

In his
first issue, Thornton argues the judgment should be set aside based on equity because
his failure to respond timely to Rosen’s no-evidence motion was due to mistake
or accident.  Thornton relies on Medina v. Western Waste Industries, in
which we applied the equitable Craddock standard when the non-movant
failed to respond to a motion for summary judgment.  959 S.W.2d 328, 329–31 (Tex.
App.—Houston [14th Dist.] 1997, pet. denied) (holding “that where the failure
to respond to a motion for summary judgment was (1) not intentional or the
result of conscious indifference, but the result of an accident or mistake, a
new trial should be granted, provided that (2) the non-movant’s motion for new
trial alleges facts and contains proof sufficient to raise a material question
of fact, and (3) demonstrates that
the granting thereof will occasion no delay or otherwise work an injury to the
plaintiff”), disapproved of by Carpenter v. Cimarron Hydrocarbons
Corp., 98 S.W.3d
682, 683–84 (Tex. 2002); see also Craddock v. Sunshine Bus Lines, 134
Tex. 388, 392, 133 S.W.2d 124, 126 (1939) (approving equitable rule for setting
aside default judgments when defendant fails to answer).  Even if Medina
were applicable, Thornton could not avail himself of the equities espoused in Medina
because he did not file a motion for new trial.  Nevertheless, Medina
was expressly overruled by the supreme court in Carpenter, holding that the
Craddock standard does not apply outside of the default-judgment context
when a party has other procedural avenues available under the Texas Rules of
Civil Procedure.  Carpenter, 98 S.W.3d at 686.  The record does not
reflect that Thornton attempted to remedy his failure to respond to Rosen’s motion
by moving for a continuance or seeking leave to file evidence after the
deadline.  Because Thornton failed to take advantage of any of the procedural remedies
available to him, the Craddock standard does not apply.  Id.[1] 
Therefore, Thornton’s first issue is overruled.

            We affirm the trial court’s judgment.       

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

 

Panel
consists of Justices Anderson, Seymore, and McCally.

 









[1]
We recognize that Thornton was representing himself at the time Rosen filed its
no-evidence motion.  However, a party who chooses to represent himself is held
to the same standards as a licensed attorney and must comply with the
applicable laws and rules of procedure.  See Brown v. Tex. Emp’t Comm’n,
801 S.W.2d 5, 8 (Tex. App.—Houston [14th Dist.] 1990, writ denied).