ACCEPTED
03-14-00331-CV
4179766
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/17/2015 3:12:06 PM
JEFFREY D. KYLE
CLERK

**NO. 03-14-00331-CV**

IN THE COURT OF APPEALS
THIRD JUDICIAL DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/17/2015 3:12:06 PM
JEFFREY D. KYLE
Clerk

RANDOLPH A. LOPEZ D/B/A BROWN HAND CENTER AND D/B/A
BROWN MEDICAL CENTER
*Appellant*

v.

COX TEXAS NEWSPAPERS, L.P., D/B/A AUSTIN AMERICAN-
STATESMAN,
*Appellee*

**REPLY BRIEF OF APPELLANT
RANDOLPH A. LOPEZ D/B/A BROWN HAND CENTER AND
D/B/A BROWN MEDICAL CENTER**

On Appeal from County Court at Law No. 2 of Travis County, Texas
Trial Court Cause No. C-1-CV-13-002354

Isaac J. Huron/SBN 24032447/ihuron@lawdcm.com
Ramon R. Rodriguez/SBN 24088319/rrodriguez@lawdcm.com
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Suite 500
San Antonio, Texas 78212
Tel:(210) 822-6666/Fax: (210) 822-1151

ATTORNEYS FOR APPELLANT RANDOLPH A. LOPEZ D/B/A BROWN
HAND CENTER AND D/B/A BROWN MEDICAL CENTER

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS........................................................................................ i

TABLE OF AUTHORITIES ................................................................................ ii

SUMMARY OF THE ARGUMENT .....................................................................1

ARGUMENT AND AUTHORITIES.....................................................................3

   1. Appellee's Characterization of the *Carpenter* Court's Holding is an Erroneous Oversimplification..........................................................................3

   2. A Meritorious Defense in a Default Summary Judgment Context Can Be Established if the Movant Can Establish That There May Be a Genuine Issue of Material Fact.......................................................................................5

   3. Appellee's Mistake Was Genuine, and Not Occassioned by Conscious Indifference..............................................................................................7

   4. Appellant's Challenge to the Award of Attorney's Fees Was Subsumed Within Its Challenge to Liability. ....................................................................8

   5. Appellant is Willing to Reimburse the Appellee for its Expenses..................9

CONCLUSION & PRAYER.................................................................................10

CERTIFICATE OF COMPLIANCE....................................................................12

CERTIFICATE OF SERVICE .............................................................................13

i

# TABLE OF AUTHORITIES

*Cases*                                                                                                                                                 *Page*

*Angelo v. Champion Restaurant Equipment Co.*,
    713 S.W.2d 96 (Tex. 1986) ........................................................................ 9, 10

*Arthur Andersen & Co. v. Perry Equip. Corp*,
    945 S.W.2d 812, 818 (Tex. 1997) ....................................................................9

*Carpenter v. Cimarron Hydrocarbons Corp.*,
    98 S.W.3d 682, 686 (Tex. 2002) ............................................................ 1, 3, 4, 5

*Costello v. Johnson*,
    680 S.W.2d 529, 531 (Tex. App.—Dallas 1984, writ ref'd n.r.e.) ........................6

*Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388 (Comm'n App. 1939)
    ................................................................................... 1, 3, 5, 6, 7, 8, 10

*Ferguson & Co. v. Roll*,
    776 S.W.2d 692, 698 (Tex. App.—Dallas 1989, no writ) ......................................1

*Gonzales v. Surplus Ins. Servs.*,
    863 S.W.2d 96, 102 (Tex. App.—Beaumont 1993, writ denied) .........................6

*Huffine v. Tomball Hosp. Auth.*,
    979 S.W.2d 795, 799 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ..............6

*Krchnak v. Fulton*,
    759 S.W.2d 524, 528–29 (Tex. App.—Amarillo 1988, writ denied) ...................6

*Medina v. W. Waste Indus.*,
    959 S.W.2d 328, 330 (Tex. App.—Houston [14th Dist.] 1997, pet. denied)
    ................................................................................................6, 7

*Mosser v. Plano Three Venture*,
893 S.W.2d 8, 12 (Tex. App.—Dallas 1994, no pet. hist.)......................................5

*Pascual Madrigal P.L.L.C. v. Commercial IT Solutions Inc.*,
   No. 04-13-00742-CV, 2014 WL 4230174, at *4
   (Tex. App.—San Antonio Aug. 27, 2014, no pet.) .................................................6

*Washington v. McMillan*, 898 S.W.2d 392, 396
   (Tex. App.—San Antonio 1995, no writ)..................................................... 5, 6, 7

*Weech v. Baptist Health Sys.*,
   392 S.W.3d 821, 825 (Tex. App.—San Antonio 2012, no pet.)............................6

## SUMMARY OF THE ARGUMENT

In contrast to the Appellee's overly simplified views of this case, this Court must determine whether to apply the *Craddock* factors in a situation where the non-responding did not discover its mistake until after judgment was entered.

When the Supreme Court of Texas issued its opinion in *Craddock*, it did so with the intention of preventing the unduly harsh punishment that results when a default judgment is entered against a party who, by mistake or accident, failed to respond. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002). Although *Craddock* has been a part of Texas Jurisprudence since 1939, the question presented by the facts of this case remains unanswered. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388 (Comm'n App. 1939). Appellee completely ignores this fact to reach a conclusion that belies the dictates of this State's highest court.

Appellant maintains that this Court ought to apply the modified summary judgment *Craddock* standard[1] espoused by the appellate courts of this state to prevent the manifest injustice that occurs when a party's mistake precludes his response. Appellant further maintains that its failure to respond was the result of a

---

[1] Under the modified *Craddock* standard, all the non-movant must do is allege that there is a genuine issue regarding a material fact. *Medina*, 959 S.W.2d at 331. Under the traditional *Craddock* standard, the movant must demonstrate that he has a meritorious defense, which, "if proved, would cause a different result upon a retrial of the case, although it need not be a totally opposite result." *Ferguson & Co. v. Roll*, 776 S.W.2d 692, 698 (Tex. App.—Dallas 1989, no writ).

mistake and not conscious indifference as Appellee suggests. The Appellant has demonstrated not one, but several, meritorious defenses which it may raise if this matter is remanded to the Trial Court. Lastly, Appellant submits that it is willing to reimburse the Appellee the cost of obtaining its judgment. Appellant's reply address each of the issues raised by Appellee in order.

## ARGUMENT AND AUTHORITIES

1.    **APPELLEE'S CHARACTERIZATION OF THE CARPENTER COURT'S HOLDING IS AN ERRONEOUS OVERSIMPLIFICATION.**

The Carpenter Court expressly stated that it was not deciding "whether *Craddock* should apply when a nonmovant discovers its mistake after the summary-judgment hearing or rendition of judgment[,]" which is precisely the case here. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002). Appellant did not discover that the suggestion of bankruptcy was inapplicable until almost a month after the judgment was rendered. Under these circumstances, *Craddock* is the appropriate standard.

The *Carpenter* holding is a narrow one. When a party has an opportunity to use other procedural remedies to avoid a default judgment, his motion for new trial should be reviewed under an abuse of discretion standard. *Carpenter*, 98 S.W.3d at 686. As the Court explained, its purpose in "adopting the *Craddock* standard was to alleviate unduly harsh and unjust results at a point in time when the defaulting party has no other remedy available . . . [b]ut when our rules provide the defaulting party a remedy, *Craddock* does not apply." *Id.*

Cimarron, plaintiff in *Carpenter*, had an opportunity to file to a motion for leave before summary judgment was entered, and did so. *Id.* Cimarron failed to file a response because there was a miscommunication between the partner and the associate handling the file. *Id.* Once the partner discovered the failure to file a

response, he immediately took steps to remedy the situation by filing a motion for leave and a motion for continuance. *Id.* His motion for new trial, then, was not his only remedy.

Once the mistake is discovered, it is the subsequently employed procedural mechanism employed by the mistaken party that is evaluated under the equitable principles espoused by this State's highest court over seventy years ago. *See Carpenter*, 98 S.W.3d at 686 (holding that a court abuses its discretion if the party seeking leave can establish "good cause for failing to timely respond by showing that (1) the failure to respond was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment").

Here, the Appellant's only remedy after he discovered his mistake was to file a motion for new trial. Appellant's mistake was twofold: (1) he mistakenly believed that the suggestion of bankruptcy precluded the need for a response, and (2) he relied on the discussions between the Court's Clerk and Mrs. DeLeon to bolster his erroneous belief[2] that there was no need to employ any other procedural tools to prevent Appellee's claim from going forward in this dispute. The Appellant, unlike the plaintiff in *Carpenter*, failed to file a response because he did

---

[2] Appellant still contends that the suggestion of bankruptcy was appropriate because Dr. Lopez is not the contracting party.

not think one was necessary. Appellant did not learn that his reliance on the suggestion of bankruptcy was misplaced until "after the summary-judgment hearing or rendition of judgment." *Carpenter*, 98 S.W.3d at 686. Therefore, the appropriate standard of review in this case is the *Craddock* standard.

**2. A MERITORIOUS DEFENSE IN A DEFAULT SUMMARY JUDGMENT CONTEXT CAN BE ESTABLISHED IF THE MOVANT CAN ESTABLISH THAT THERE MAY BE A GENUINE ISSUE OF MATERIAL FACT.**

"Although *Craddock* involved a default judgment taken after a defendant failed to answer, the same requirements have been applied to motions for new trial following default summary judgments." *Mosser v. Plano Three Venture*, 893 S.W.2d 8, 12 (Tex. App.—Dallas 1994, no pet. hist.). "In the summary judgment context, however, to set up a meritorious defense means to allege facts and bring forth summary judgment proof sufficient to raise a material issue of fact." *Washington v. McMillan*, 898 S.W.2d 392, 396 (Tex. App.—San Antonio 1995, rehearing overruled Apr. 27, 1995). To hold otherwise, would put the Appellant in a worse position on appeal after summary judgment is entered than the one he was in before judgment was entered.

Appellee's contention that this Court should simply confine its review to its pleadings turns the purpose of the *Craddock* standard on its head. If, as Appellee contends, a reviewing court must limit its review to the movant's summary judgment pleading, then a nonmovant could never establish a meritorious defense

5

in light of a well plead summary judgment motion. The purpose of considering whether there is a meritorious defense is to determine whether there is any reason that the result might have been different if the nonmovant had responded. Otherwise, there is no need to undo the judgment. In essence, Appellee's position eliminates the meritorious defense element in the *Craddock* test.

Appellee's response also ignores the well-established jurisprudence of this State that has applied the summary judgment standard of review in the default context. *Weech v. Baptist Health Sys.*, 392 S.W.3d 821, 825 (Tex. App.—San Antonio 2012, no pet.); *Pascual Madrigal P.L.L.C. v. Commercial IT Solutions Inc.*, No. 04-13-00742-CV, 2014 WL 4230174, at *4 (Tex. App.—San Antonio Aug. 27, 2014, no pet.); *Huffine v. Tomball Hosp. Auth.*, 979 S.W.2d 795, 799 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *Medina v. W. Waste Indus.*, 959 S.W.2d 328, 330 (Tex. App.—Houston [14th Dist.] 1997, pet. denied); *Washington v. McMillan*, 898 S.W.2d 392, 396 (Tex. App.—San Antonio 1995, no writ); *Gonzales v. Surplus Ins. Servs.*, 863 S.W.2d 96, 102 (Tex. App.—Beaumont 1993, writ denied); *Krchnak v. Fulton*, 759 S.W.2d 524, 528–29 (Tex. App.—Amarillo 1988, writ denied); *Costello v. Johnson*, 680 S.W.2d 529, 531 (Tex. App.—Dallas 1984, writ ref'd n.r.e.). The rule that Appellant suggests ought to apply in these cases acknowledges the difference between the substantially lower burden imposed on the non-movant to avoid judgment in the summary judgment context versus at

trial. *Medina*, 959 S.W.2d at 330-31. "For instance, when the movant's summary judgment proof, standing alone, is sufficient as a matter of law, the non-movant may still preclude summary judgment if he utilizes his response to direct the court's attention to material questions of fact in the record, or if he attaches proof to his response which controverts the proof offered by the movant." *Id.* Holding otherwise might establish scenarios where the "failing to respond [itself] . . . causes a summary judgment to be rendered." *Washington*, 898 S.W.2d at 396. The equitable principles behind the reasoning in *Craddock* apply with equal force to the case at bar.

**3.    APPELLEE'S MISTAKE WAS GENUINE, AND NOT OCCASIONED BY CONSCIOUS INDIFFERENCE.**

Appellee's characterization of the Appellant's mistake finds its greatest strength in hindsight. Appellant does not, and has never contended, that "a non-parties bankruptcy filing never stays a judicial proceeding." Appellee's Brief at 17. Instead, Appellant contends that the claims of Appellee are against the Brown Medical Center, as that is the party that contracted for the advertising services.

Implicit in the lower court's holding that judgment was proper against Dr. Lopez is that he was a debtor on the sworn account. Dr. Lopez contends, still, that there is insufficient evidence in this appellate record to support such a finding, and that the actual debtor is the Brown Medical Center. Dr. Lopez mistakenly relied on this contention, among other things, to reach his conclusion that the suggestion of

7

bankruptcy was the appropriate—**and only**—filing that was necessary to advise the plaintiff that his claims had to be brought in the bankruptcy court against Brown Medical Center.

Appellee contends that this argument is "hard to accept as truthfully felt." Appellee's Brief at 17. However, the Appellee wholly fails to point to any controverting evidence, and the record certainly supports a finding that Dr. Lopez was not consciously indifferent to the matter. Mrs. DeLeon testified that she attempted to contact Appellee's trial counsel on several occasions to no avail. *See* Affidavit of Elizabeth DeLeon CR 79-80. Mrs. DeLeon further testified that she contacted the lower court's clerk to discuss the filing of the suggestion, and what impact that would have on the proceedings. *Id.* Perhaps, Appellant was unwise in reaching the conclusion that he did, but that is not demonstrative of conscious indifference, and is rather properly classified as a mistake or an accident.

**4.    APPELLANT'S CHALLENGE TO THE AWARD OF ATTORNEY'S FEES WAS SUBSUMED WITHIN ITS CHALLENGE TO LIABILITY.**

When Appellant challenged the finding of liability in its motion for new trial, it also implicitly challenged the damages that were award as a result. Further, nothing in the *Craddock* standard states that a movant seeking a new trial is required to raise every meritorious defense he may possess. Simply, he is required to show that he has at least one. When the questions before the Court are ones of

equity, the Court "should deal with the facts on a case-by-case basis in order to do equity." *Angelo v. Champion Rest. Equip. Co.*, 713 S.W.2d 96, 98 (Tex. 1986).

As previously stated by the Appellant, "[b]esides the already briefed challenge to liability, the Appellant challenges the damages that were awarded by virtue of Appellee's successful claim on a breach of contract claim." Appellant's Brief at 20. It is clear that the award of attorney's fees does not reflect a proper application of the *Arthur Anderson* factors a court must consider in an award of attorney's fees. *Arthur Andersen & Co. v. Perry Equip. Corp*, 945 S.W.2d 812, 818 (Tex. 1997). This is simply one of the meritorious defenses that the Appellant possesses to challenge the judgment that was entered against him, and is properly before this Court.

**5.    APPELLANT IS WILLING REIMBURSE THE APPELLEE FOR ITS EXPENSES.**

"Involved is an equitable principle, and the court should deal with the facts on a case-by-case basis in order to do equity. Failure to offer reimbursement should not in every instance preclude the granting of a new trial." *Angelo v. Champion Rest. Equip. Co.*, 713 S.W.2d 96, 98 (Tex. 1986). While Appellee is correct that there is presently no offer to reimburse the Appellee for the expenses it incurred, the Supreme Court has never expressly stated that such an offer is required. "Although these may be important factors for the court to look to in

determining whether it should grant a new trial, they should not be the sine qua non of granting the motion." *Id.*

Further, it is not too late for the Appellant to make such an offer, which Appellant, by this reply brief, is doing so at this time. Appellee should not be heard to complain of this late offer of reimbursement, as evidence of the Appellant's willingness to reimburse the Appellee may be raised on appeal. *Id.* ("Additionally, it should be noted that Angelo expressed the willingness to reimburse Champion for their expenses at oral argument at the court of appeals and in their brief to us.").

## CONCLUSION & PRAYER

Given that Lopez has satisfied the traditional and modified *Craddock* factors, this Court should reverse the judgment of the Trial Court, and remand this matter so that it may proceed to trial.

Respectfully submitted,

**DAVIS, CEDILLO & MENDOZA, INC.**
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas  78212
Telephone No. :  (210) 822-6666
Telecopier No. :  (210) 822-1151

By:  /s/  *Isaac J. Huron*
    Isaac J. Huron
    State Bar No. 24032447
    Ramon Rodriguez
    State Bar No. 24088319
    ihuron@lawdcm.com
    rrodriguez@lawdcm.com

ATTORNEY FOR APPELLANTS

11

## CERTIFICATE OF COMPLIANCE

I hereby certify that this reply brief is in compliance with the rules governing the length and font requirements for briefs prepared by electronic means. The reply brief was prepared using Microsoft Word 2010. According to the software used to prepare this brief, the total word count, including footnotes, but not including those sections excluded by rule, is 2,175. The "Times New Roman" font is used in this reply brief, with 14 pt. font for the body of the reply brief, and 12 pt. font for footnotes.

/s/ *Isaac J. Huron*
Isaac J. Huron

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded on this 17th day of February, 2015 via the electronic service system provided through Texas.gov and via email to Appellee's counsel:

Timothy A. Hootman, SBN 09965450
2402 Pease St
Houston, TX 77003
(t) 713.247.9548
Email: thootman2000@yahoo.com

Bill Malone, Jr., SBN 12877500
8650 Spicewood Springs, No 145-598
Austin, TX 78759
(t) 512.346.9600
Email: bill@billmalonelaw.com

/s/  *Isaac J. Huron*
Isaac J. Huron